1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAYVAN MOHAMMAD OSKUIE, | Case No.  1:24-cv-00128-BAM (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS* AS MOOT |
| v. | (ECF No. 8) |
| YAKUSH, | ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL |
| Defendant. | (ECF No. 9) |

Plaintiff Kayvan Mohammad Oskuie ("Plaintiff") is a civil detainee proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.  Individuals detained pursuant to California Welfare and Institutions Code § 6600 *et seq.* are civil detainees are not prisoners within the meaning of the Prison Litigation Reform Act.  *Page v. Torrey*, 201 F.3d 1136, 1140 (9th Cir. 2000).

On February 13, 2024, Plaintiff paid the $405.00 filing fee to proceed with this action. (*See* ECF No. 6.)  On February 16, 2024, Plaintiff filed a motion to proceed *in forma pauperis* and a motion to appoint counsel.  (ECF Nos. 8, 9.)  As the filing fee has been paid in full, Plaintiff's motion to proceed *in forma pauperis* is denied as moot.

In the motion to appoint counsel, Plaintiff states that his family has tried and is willing to pay for an attorney, but none of them were willing to represent him in this matter.  (ECF No. 9.) Plaintiff therefore requests that the Court appoint him an attorney due to the complexity of the

1

1  legal issues and likelihood of success on the merits.[1]  (*Id.*)

2      First, Plaintiff is informed that the filing fee has been paid and Plaintiff is not proceeding

3  *in forma pauperis* in this action.  The Court is not aware of any authority that would allow the

4  appointment of counsel for a litigant in a civil action who is not proceeding *in forma pauperis*.

5      Even if Plaintiff were proceeding *in forma pauperis* in this action, Plaintiff is informed

6  that he does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*,

7  113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th

8  Cir. 1998), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C.

9  § 1915(e)(1).  *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989).  In

10  certain exceptional circumstances the court may request the voluntary assistance of counsel

11  pursuant to section 1915(e)(1).  *Rand*, 113 F.3d at 1525.

12      Without a reasonable method of securing and compensating counsel, the Court will seek

13  volunteer counsel only in the most serious and exceptional cases.  In determining whether

14  "exceptional circumstances exist, a district court must evaluate both the likelihood of success on

15  the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the

16  complexity of the legal issues involved."  *Id.* (internal quotation marks and citations omitted).

17      The Court has considered Plaintiff's request, but does not find the required exceptional

18  circumstances.  Even if it is assumed that Plaintiff has made serious allegations which, if proved,

19  would entitle him to relief, his case is not exceptional.  This Court is faced with similar cases filed

20  almost daily by prisoners and civil detainees who are proceeding *pro se* who are unable to hire

21  their own attorney.  These plaintiffs also must litigate their cases without the assistance of

22  counsel.

23      In addition, based on a review of the record in this case, the Court does not find that there

24  is a likelihood of success on the merits.  The Court conducted a preliminary screening of the

25  complaint and found that, as currently drafted, the complaint has not basis in law or fact.  Plaintiff

26

27

28

---

[1] In support of his assertion that he has a likelihood of success on the merits of this action, Plaintiff references findings and recommendations from the Eastern District of California, Sacramento Division, dated February 16, 2023.  (ECF No. 9, p. 2.)  However, Plaintiff did not provide a case number and the Court was unable to locate findings and recommendations in any of Plaintiff's prior actions that match the referenced date or were related to the allegations in the complaint.

has been granted leave to file an amended complaint.  (ECF No. 6.)

Accordingly, IT IS HEREBY ORDERED as follows:

1.  Plaintiff's motion to proceed *in forma pauperis*, (ECF No. 8), is DENIED as moot; and

2.  Plaintiff's motion to appoint counsel, (ECF No. 9), is DENIED.

IT IS SO ORDERED.

Dated:   **February 19, 2024**                          /s/ *Barbara A. McAuliffe*
                                                    UNITED STATES MAGISTRATE JUDGE