# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAYVAN MOHAMMAD OSKUIE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>YAKUSH,<br><br>　　　　　Defendant. | Case No. 1:24-cv-00128-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL<br>(ECF No. 11)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM<br>(ECF No. 11)<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Kayvan Mohammad Oskuie ("Plaintiff") is a civil detainee and former state prisoner proceeding *pro se* in this civil rights action under 42 U.S.C. § 1983. Individuals detained pursuant to California Welfare and Institutions Code § 6600 *et seq.* are civil detainees are not prisoners within the meaning of the Prison Litigation Reform Act. *Page v. Torrey*, 201 F.3d 1136, 1140 (9th Cir. 2000). Plaintiff's first amended complaint is currently before the Court for screening. (ECF No. 11.)

**I.     Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous

or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**II.     Plaintiff's Allegations**

Plaintiff is currently housed at Atascadero State Hospital in Atascadero, California.  The events in the complaint are alleged to have occurred while Plaintiff was housed at Corcoran State Prison in Corcoran, California.  Plaintiff names Dr. Yakush, Head Psychiatrist at Corcoran State Prison, as the sole defendant.

Plaintiff alleges violations of his First Amendment rights to freedom of association and freedom of intimate right of association, as well as his rights to familial relationship and privacy.

Plaintiff alleges that after his January 31, 2020 assessment by Defendant Yakush, Defendant found and charged Plaintiff as a MDO with PC § 2962 and referred Plaintiff to Atascadero State Hospital.  In this process, Defendant breached Plaintiff's right of association with his family and kids.  Defendant is the reason Plaintiff is not able to meet with his kids again, violating Plaintiff's freedom of intimate association.

///

Plaintiff also alleges a violation of his First Amendment freedom of speech and exercise of religion.  Plaintiff states that his charge of misconduct and RVR on August 23, 2019 violated his freedom of speech, and led to officials questioning his health.  Plaintiff was then charged with § 2962, and he was put in the state hospital.

Plaintiff seeks declaratory and punitive damages, and "citiorary relief."  (ECF No. 11, p. 5.)

### III.     Motion to Appoint Counsel

In the first amended complaint, Plaintiff renews his request for appointment of counsel.  (ECF No. 11, p. 9.)  Plaintiff states that there is doubt about his ability to articulate his claims in light of the complexity of the issues involved.  Plaintiff requests an inquiry to warrant the exceptional circumstances to warrant the voluntary assistance of counsel.  (*Id.*)

Plaintiff is reminded that the filing fee has been paid and Plaintiff is not proceeding *in forma pauperis* in this action.  The Court is not aware of any authority that would allow the appointment of counsel for a litigant in a civil action who is not proceeding *in forma pauperis*.

Even if Plaintiff were proceeding *in forma pauperis* in this action, Plaintiff is again informed that he does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved."  *Id.* (internal quotation marks and citations omitted).

The Court has considered Plaintiff's request, but does not find the required exceptional circumstances.  Even if it is assumed that Plaintiff has made serious allegations which, if proved,

3

would entitle him to relief, his case is not exceptional. This Court is faced with similar cases filed almost daily by prisoners and civil detainees who are proceeding *pro se* who are unable to hire their own attorney. These plaintiffs also must litigate complex cases without the assistance of counsel.

In addition, based on a review of the record in this case, the Court does not find that there is a likelihood of success on the merits. As discussed below, the Court finds that the first amended complaint fails to state a claim.

## IV.    Discussion

Plaintiff's first amended complaint fails to state a cognizable claim for relief and is barred by *Heck v. Humphrey*. Despite being provided with the relevant pleading and legal standards, Plaintiff has been unable to cure the identified deficiencies.

### A.    Federal Rule of Civil Procedure 8

Pursuant to Rule 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–57; *Moss*, 572 F.3d at 969.

Here, Plaintiff's complaint is short, but it is not a plain statement of his claims showing that he is entitled to relief. Much of Plaintiff's complaint consists of a list of rights he claims were violated, with no factual allegations explaining what happened, when it happened, or who was involved.

### B.    *Heck v. Humphrey*

It has long been established that state prisoners cannot challenge the fact or duration of their confinement in a section 1983 action and their sole remedy lies in habeas corpus relief. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005). Often referred to as the favorable termination rule

4

or the *Heck* bar, this exception to section 1983's otherwise broad scope applies whenever state prisoners "seek to invalidate the duration of their confinement-either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody." *Wilkinson*, 544 U.S. at 81; *Heck v. Humphrey*, 512 U.S. 477, 482, 486–87 (1994); *Edwards v. Balisok*, 520 U.S. 641, 644 (1997). Thus, "a state prisoner's [section] 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Id.* at 81–82. *Heck*'s favorable termination rule also applies to civil detainees with access to habeas relief. *Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1139–40 (9th Cir. 2005).

Although Plaintiff raises various claims regarding his right to free speech, association, and exercise of religion, the crux of Plaintiff's first amended complaint appears to be a challenge to Defendant Yakush's designation of Plaintiff under California Penal Code § 2962 and confinement in a state hospital. To the extent Plaintiff seeks to challenge "the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973); *see also Simpson v. Ahlin*, No. 1:15-cv-01301-BAM (PC), 2016 WL8731340, at *2 (E.D. Cal. Sept. 16, 2016) (petition for writ of habeas corpus exclusive method for civil detainee to challenge the validity of his continued commitment).

Thus, it appears Plaintiff's claims are barred by *Heck*, as a judgment in favor of Plaintiff on his claims would necessarily imply the invalidity of his civil detention.

**V.     Conclusion and Recommendation**

For the reasons discussed, the Court finds that Plaintiff's first amended complaint is barred by *Heck v. Humphrey* and fails to state a cognizable claim for relief. Despite being provided with the relevant legal standards, Plaintiff has been unable to cure the deficiencies in his complaint. Further leave to amend is not warranted. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th

Cir. 2000).

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion to appoint counsel, (ECF No. 11, p. 9), is DENIED, without prejudice; and

2. The Clerk of the Court is directed to randomly assign a district judge to this action.

\* \* \*

Furthermore, IT IS HEREBY RECOMMENDED that this action be dismissed as barred by *Heck v. Humphrey* and for failure to state a cognizable claim upon which relief may be granted.

\* \* \*

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **March 8, 2024**                /s/ *Barbara A. McAuliffe*
                                        UNITED STATES MAGISTRATE JUDGE