1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KAYVAN MOHAMMAD OSKUIE, | Case No. 1:24-cv-0128 JLT BAM (PC) |
| Plaintiff, | ORDER ADOPTING THE FINDINGS AND RECOMMENDATIONS IN PART, DISMISSING THE ACTION WITHOUT PREJUDICE, AND DIRECTING THE CLERK OF COURT TO CLOSE THIS CASE |
| v. | |
| YAKUSH, | |
| Defendant. | (Doc. 13) |

Kayvan Mohammad Oskuie is a civil detainee and former state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff challenges his classification as a mentally disordered offender (MDO) by Dr. Yakush, a psychiatrist at Corcoran State Prison, which resulted in Plaintiff being housed at Atascadero State Hospital.  (*See* Doc. 11.)  Plaintiff contends the classification and housing violates his constitutional rights to freedom of association, freedom of intimate right of association, familial relationship, and privacy.  (*Id.* at 3, 6.)  Plaintiff seeks damages, declaratory relief, and certiorari relief.  (*Id.* at 5.)

The magistrate judge screened Plaintiff's amended complaint pursuant to 28 U.S.C. § 1915A(a) and observed: "Although Plaintiff raises various claims regarding his right to free speech, association, and exercise of religion, the crux of Plaintiff's first amended complaint appears to be a challenge to Defendant Yakush's designation of Plaintiff under California Penal Code § 2962 and confinement in a state hospital." (Doc. 13 at 5.)  The magistrate judge found

1

that because Plaintiff appears "to challenge the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." (*Id.*, internal quotation marks, citation omitted.)  The magistrate judge found Plaintiff's claims were barred by *Heck v. Humphrey*, 512 U.S. 477, 482, 486–87 (1994), "as a judgment in favor of Plaintiff on his claims would necessarily imply the invalidity of his civil detention."  (*Id.*)  Therefore, the magistrate judge recommended the action be dismissed with prejudice as barred by *Heck* and "for failure to state a cognizable claim upon which relief may be granted."  (*Id.* at 1, 6.)

Plaintiff filed objections to the Findings and Recommendations, asserting his claim "may appropriately be sought as a civil right action under 42 U.S.C. § 1983 rather than pursuant to an application of Habeas Corpus."  (Doc. 14 at 2.)  However, Plaintiff does not dispute that "the crux" of the claim is Plaintiff's MDO classification and confinement to the state hospital.  (*See id.* at 1-2.)  In addition, Plaintiff does not address the determination that his claim is barred under *Heck*.  (*See id.*)

Significantly, it is well-established that a writ of habeas corpus provides the exclusive remedy where a civil mental health commitment is challenged.  *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *see also Seling v. Young*, 531 U.S. 250 (2001) (involving a habeas corpus challenge under 28 U.S.C. § 2254 to a civil judgment of commitment under a state sex offender statute); *Jackson v. Foti*, 670 F.2d 516 (5th Cir. 1980) (addressing a federal habeas corpus challenge seeking release from confinement in a state hospital); *Souder v. McGuire*, 516 F.2d 820, 823 (3d Cir. 1975) ("There is no question about the appropriateness of habeas corpus as a method of challenging involuntary commitment to a mental institution"); *May v. Hunter*, 451 F.Supp.2d 1084 (C.D. Cal. 2006) (adjudicating a challenge to MDO commitment under a petition for writ of habeas corpus).  Thus, the magistrate judge did not err in finding Plaintiff's claim related to his classification and confinement at the state hospital would properly be brought under a petition for writ of habeas corpus, rather than under 42 U.S.C. § 1983.  *See, e.g., Simpson v. Morales*, 2008 WL 4811863, at *2 (C.D. Cal. Oct. 28, 2008) ("If plaintiff is challenging his commitment to [Atascadero State Hospital], his federal remedy is a petition for writ of habeas

corpus pursuant to 28 U.S.C. Section 2254…").

Further, to the extent that Plaintiff seeks damages related to his commitment, the claim is barred by *Heck.  See Simpson*, 2008 WL 4811863, at \*2.  Success on the merits would invalidate the state's classification and Plaintiff's commitment to the state hospital.  Consequently, "*Heck* requires a civilly committed person to invalidate his civil commitment before pursuing a Section 1983 damages claim implying that his commitment is invalid." *Id.*; *see also Hubbs v. County of San Bernardino*, 538 F.Supp.2d 1254, 1264 (C.D. Cal. 2008) (*Heck* barred the plaintiff's Section 1983 claims in connection with his commitment as a sexually violent predator).

According to 28 U.S.C. § 636(b)(1), this Court performed a *de novo* review of this case. Having carefully reviewed the matter, the Court concludes the findings— that Plaintiff is unable to proceed with this civil rights action and the claim is barred by *Heck*—are supported by the record and proper analysis.  However, the magistrate judge recommended the action be dismissed with prejudice.  The Ninth Circuit determined a claim barred by *Heck* must be dismissed *without* prejudice.  *See Washington v. L.A. County Sheriff's Dep't*, 883 F.3d 1048, 1056 (9th Cir. 2016) ("a *Heck* dismissal is made without prejudice"); *see also Ronje v. King*, 667 F(9th Cir. 2016) (where the plaintiff's Section 1983 claim related to his civil commitment and was barred by *Heck*, the district court erred in dismissing the action with prejudice and the matter was remanded "for entry of dismissal without prejudice").  Thus, the Court declines to adopt the recommendation that the action be dismissed with prejudice.  Based upon the foregoing, the Court **ORDERS**:

1.   The Findings and Recommendations issued March 8, 2024 (Doc. 13) are **ADOPTED** in part.

2.   The action is **DISMISSED** without prejudice.

3.   The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:  __**June 7, 2024**__

_Jennifer L. Thurston_
UNITED STATES DISTRICT JUDGE