1
2
3
4
5
6
7
8                      **UNITED STATES DISTRICT COURT**

9                      **EASTERN DISTRICT OF CALIFORNIA**

10

11   KAYVAN MOHAMMAD OSKUIE,              No.  1:24-cv-0128 JLT BAM (PC)

12                  Plaintiff,            ORDER DENYING PLAINTIFF'S MOTION
                                          FOR RECONSIDERATION
13          v.
                                          (Doc. 17)
14   YAKUSH,

15                  Defendant.

16

17          Kayvan Mohammad Oskuie is a civil detainee who proceeded *pro se* in this civil rights

18   action pursuant to 42 U.S.C. § 1983.  Plaintiff sought to challenge his classification as a mentally

19   disordered offender (MDO), which resulted in Plaintiff being housed at Atascadero State

20   Hospital.  (*See* Doc. 11.)  The Court found the action was barred by *Heck v. Humphrey*, 512 U.S.

21   477 (1994) and dismissed the action without prejudice.  (Docs. 13, 15.)  Following the entry of

22   judgment, Plaintiff wrote a letter to the Court, which the Court construes as a motion for

23   reconsideration.  (Docs. 16, 17.)

24          Reconsideration of a prior order is an extraordinary remedy "to be used sparingly in the

25   interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*,

26   229 F. 3d 877, 890 (9th Cir. 2000) (citation omitted); *see also Harvest v. Castro*, 531 F.3d 737,

27   749 (9th Cir. 2008).  "A motion for reconsideration should not be granted, absent highly unusual

28   circumstances, unless the district court is presented with newly discovered evidence, committed

                                          1

clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks, citations omitted) (emphasis in original).

Generally, a motion for reconsideration of a final judgment is appropriately brought under Rule 59(e) of the Federal Rules of Civil Procedure.  *See Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985); *see also Schroeder v. McDonald*, 55 F.3d 454, 458–59 (9th Cir. 1995).  The motion must be filed no later than twenty-eight (28) days after entry of the judgment.  *See* Fed. R. Civ. P. 59(e).  Under Rule 59(e), reconsideration is appropriate "if (1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001) (citation omitted).

Reconsideration of a final order of the district court may also be granted under Rule 60(b) of the Federal Rules of Civil Procedure, which provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding." *Id.*  Rule 60(b) indicates such relief may be granted "for the following reasons:"

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic) misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  Additionally, pursuant to the Court's Local Rules, when filing a motion for reconsideration of an order, a party must show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."  Local Rule 230(j).

1         Plaintiff's motion does not provide any basis for overturning the Court's judgment

2    pursuant to Rule 59(e) or Rule 60.  Plaintiff maintains that he should be permitted to proceed with

3    a civil action under 42 U.S.C. § 1983, citing *Dotson v. Wilkinson*, 329 F.3d 935 (6th Cir. 2003)

4    for support.  (Doc. 17 at 1-2.)  Importantly, in the cited case, the Sixth Circuit did not address

5    civil commitment determinations but rather challenges to a state's parole procedures.  Affirming

6    the decision, the Supreme Court determined that prisoners could challenge the constitutionality of

7    state parole procedures in a Section 1983 action.  *See Wilkinson v. Dotson*, 544 U.S. 74 (2005).

8    In so finding, the Supreme Court observed that neither respondent sought "immediate or speedier

9    release into the community."  *Id.*, 544 U.S. at 82.  Furthermore, the Court observed that success

10   challenging the constitutionality of the state parole procedures would not necessarily imply the

11   invalidity of the respondents' sentences or convictions.  *Id.*  In contrast, here, Plaintiff attempts to

12   challenge the very fact of his civil commitment, which would invalidate the state's determinations

13   and cause immediate release.  Thus, Plaintiff's reliance upon *Wilkinson* is misplaced.  Moreover,

14   the cited cases do not show an intervening change in the law or newly discovered evidence.  The

15   Court finds no grounds to reconsider its final order and judgment dismissing this action.

16   Accordingly, the Court **ORDERS**: Plaintiff's motion for reconsideration (Doc. 17) is **DENIED**.

17   This action shall remain closed.

18
19   IT IS SO ORDERED.

20       Dated:   **June 22, 2024**                                        UNITED STATES DISTRICT JUDGE

21
22
23
24
25
26
27
28

3