# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAYVAN MOHAMMAD OSKUIE,<br><br>    Plaintiff,<br><br>    v.<br><br>YAKUSH,<br><br>    Defendant. | Case No. 1:24-cv-0128 JLT BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S SECOND MOTION FOR RECONSIDERATION<br><br>(Doc. 19) |

Kayvan Mohammad Oskuie is a civil detainee who proceeded pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff sought to challenge his classification as a mentally disordered offender (MDO), which resulted in Plaintiff being housed at Atascadero State Hospital. (*See* Doc. 11.) The Court found the action was barred by *Heck v. Humphrey*, 512 U.S. 477 (1994) and dismissed the action without prejudice. (Docs. 13, 15.)

Following the entry of judgment, Plaintiff wrote a letter to the Court, maintaining that he should be permitted to proceed with a civil action under 42 U.S.C. § 1983, citing *Dotson v. Wilkinson*, 329 F.3d 935 (6th Cir. 2003) for support. (Doc. 17 at 1-2.) The Court construed the letter as a motion for reconsideration, and addressed the arguments raised. (Doc. 18.) The Court found Plaintiff's reliance upon *Doston* was misplaced, as the case—and the subsequent ruling by the Supreme Court on appeal—did not address the right of a plaintiff to challenge civil commitment under Section 1983, where such a challenge would cause an immediate release.

1

1  (Doc. 18 at 3.)  In addition, the magistrate judge found Plaintiff "did not show an intervening

2  change in the law or newly discovered evidence."  (*Id.*)  Therefore, the Court denied the motion

3  for reconsideration on June 22, 2024.

4        On July 1, 2024, Plaintiff filed a second letter to the Court, "responding to [the] order

5  dated June 22, 2024."  (Doc. 19 at 1.)  The Court construes this as a second motion for

6  reconsideration.

7        As the Court previously explained, "[a] motion for reconsideration should not be granted,

8  absent highly unusual circumstances," and it "may *not* be used to raise arguments or present

9  evidence for the first time when they could reasonably have been raised earlier in the litigation."

10  *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009)

11  (quotations marks, citations omitted) (emphasis in original).  Reconsideration may be granted

12  under Rule 59(e) and Rule 60(b) of the Federal Rules of Civil Procedure.

13        Under Rule 59(e) of the Federal Rules of Civil Procedure, reconsideration is appropriate

14  "if (1) the district court is presented with newly discovered evidence, (2) the district court

15  committed clear error or made an initial decision that was manifestly unjust, or (3) there is an

16  intervening change in controlling law." *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th

17  Cir. 2001) (citation omitted).  Under Rule 60(b), "the court may relieve a party or its legal

18  representative from a final judgment, order, or proceeding," based upon:

19        (1) mistake, inadvertence, surprise, or excusable neglect;

20        (2) newly discovered evidence that, with reasonable diligence, could not
      have been discovered in time to move for a new trial under Rule 59(b);

21

22        (3) fraud (whether previously called intrinsic or extrinsic)
      misrepresentation, or misconduct by an opposing party;

23        (4) the judgment is void;

24        (5) the judgment has been satisfied, released, or discharged; it is based on
      an earlier judgment that has been reversed or vacated; or applying it
25        prospectively is no longer equitable; or

26        (6) any other reason that justifies relief.

27  Fed. R. Civ. P. 60(b).

28        Plaintiff asserts "there is intervening change in the controlling law and argument that there

1  is no single standard for determining whether a prison hardship is atypical and significant, and the
2  condition or combination of condition[s] or factor[s] requires a case-by-case, fact by fact
3  consideration." (Doc. 19 at 1.) Plaintiff asserts that *Ramirez v. Galaza*, 334 F.3d 850, 860–61
4  (9th Cir. 2003) "provides a helpful framework" for evaluating challenged conditions and whether
5  a state's actions impose some atypical and significant hardship on the inmate in relation to the
6  ordinary incidents of prison life. (*Id.* at 1-2.) Plaintiff also appears to argue that he is not
7  required to demonstrate a change in law for reconsideration, because "the *ex post facto* clause is
8  directed only to changes in law that (1) retroactively alter the definition of a crime (2)
9  retroactively increase the punishment for criminal act." (*Id.* at 2.)

10  In *Ramirez*, the Ninth Circuit addressed disciplinary proceedings and related liberty
11  interests, not an MDO classification or civil commitment as Plaintiff challenges in this action.
12  *Ramirez*, 334 F.3d at 860. Consequently, Plaintiff's reliance on *Ramirez* and the identified
13  framework is misplaced. In addition, Plaintiff's argument that he is not required to identify a
14  change in controlling law is unavailing. It is well-established that a change in controlling law is
15  but <u>one</u> reason the Court may grant reconsideration. *See, e.g., Marlyn Nutraceuticals*, 571 F.3d at
16  880 (holding reconsideration should not be granted "unless the district court is presented with
17  newly discovered evidence, committed clear error, <u>or</u> if there is an intervening change in the
18  controlling law" [emphasis added]); *see also Zimmerman*, 255 F.3d at 740 (identifying "an
19  intervening change in controlling law" as one of three reasons identified by the Ninth Circuit to
20  support reconsideration).

21  Moreover, the arguments raised in Plaintiff's second motion for reconsideration do not
22  address the finding of the Court that the action is barred by *Heck v. Humphrey,* 512 U.S. 477,
23  482, 486-87 (1994), because "a judgment in favor of Plaintiff on his claims would necessarily
24  imply the invalidity of his civil detention." (*See* Doc. 15 at 2.) The Court again finds Plaintiff
25  fails to identify legally sufficient grounds under either Rule 59 or Rule 60 to support
26  reconsideration of the final order dismissing the action without prejudice.

27  Accordingly, the Court **ORDERS**: Plaintiff's motion for reconsideration (Doc. 19) is
28  **DENIED**. **Plaintiff is informed that any further letters to the Court will not be entertained**

**as motions for reconsideration**.  This action shall remain closed.

IT IS SO ORDERED.

Dated:   **July 10, 2024**

_____
UNITED STATES DISTRICT JUDGE

4